UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS F. RUONAVAARA, | CIV. NO. 2:17-2463 WBS CKD |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER RE: MOTION TO DISMISS AND/OR STRIKE |
| HARRIS CORPORATION, a Delaware Corporation and DOES 1-100, inclusive, | |
| Defendants. | |

  Plaintiff Elias F. Ruonavaara initiated this action against defendant Harris Corporation, his former employer, alleging various violations related to the termination of his employment. Presently before the court is defendant's Motion to Dismiss or Strike plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(f). (Docket No. 3.)

I.  Factual and Procedural Background

  On February 5, 2016, the day plaintiff returned to work after spending time in the hospital, he was terminated from his job by defendant. (Compl. (Docket No. 1, Ex. A) ¶ 13.) On February 23, 2016, plaintiff entered into a severance agreement

with defendant. (Id. ¶ 79; see also Def.'s Mot. to Dismiss, Ex. A, Release Agreement.)[1] The severance agreement stated that it was "intended to mutually and finally resolve all matters related to [plaintiff's] employment with and separation from defendant."[2]

On November 28, 2016, plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging defendant committed age and disability discrimination. On June 21, 2017, the EEOC issued plaintiff a Dismissal and Notice of Rights, and stated that if plaintiff wanted to sue for the allegations in his complaint, he had to file a lawsuit within 90 days of receipt of the notice. On October 4, 2017, plaintiff initiated this current action, asserting eight causes of action: (1) Violation of Americans with Disabilities Act ("ADA"); (2) Violation of Fair Employment and Housing Act ("FEHA")--Disability Discrimination; (3) Violation of Family and Medical Leave Act ("FMLA"); (4) Violation of California Family Rights Act ("CFRA"); (5) Violation of Age Discrimination in Employment Act ("ADEA"); (6) Violation of FEHA--Age Discrimination; (7) Wrongful Termination in Violation of Public Policy; and (8) Rescission.

---

[1] The court takes judicial notice of the severance agreement because "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006).

[2] Specifically, the release states that it includes, but is not limited to, any and all claims: (1) arising under or based on the ADEA; (2) arising under the ADA, the FMLA, the California Fair Employment and Housing Act, the California Family Rights Act, or any other fair employment practice statue of any state; and (3) arising under or based on any other federal state, county, or local law or policy prohibiting employment discrimination. (Release Agreement ¶ 2.)

II. Discussion

Plaintiff contends that because he brings a claim for rescission, defendant cannot rely on the severance agreement at the pleading stage to defeat plaintiff's claims. However, "a settlement agreement is presumptively valid, and the plaintiff remains bound by the bargain he made until he actually rescinds it." Myerchin v. Family Benefits, Inc., 162 Cal. App. 4th 1526, 1535 (4th Dist. 2008), disapproved of on other grounds by Vill Northridge Homeowners Ass'n v. State Farm Fire and Cas. Co., 50 Cal. 4th 913 (2010). Accordingly, the mere filing of a claim for rescission does not enable plaintiff to seek the relief explicitly barred under the contract for which rescission is sought. See, e.g. Maniar v. Capital Bank of California, 1993 WL 515880, at *3 (N.D. Cal. Dec. 6, 1993).

The settlement agreement will therefore remain in effect, thereby barring plaintiff's first through seventh causes of action--which were explicitly included in the settlement agreement—unless and until plaintiff prevails on his rescission claim. The court will resolve that claim in accordance with the discussion at the time of oral argument on this motion after conducting a full evidentiary hearing at which both sides will be afforded the opportunity to present any testimony, exhibits and arguments in support or defense of plaintiff's claim for rescission.

Prior to the hearing, the parties may engage in discovery limited only to plaintiff's claim for rescission. Additionally, as a precondition to the evidentiary hearing, plaintiff must deposit with the court all of the money he

1 received pursuant to the settlement agreement.  That deposit may
2 consist of a certified or cashier's check in the amount of
3 $10,000, which will be returned to plaintiff if he does not
4 prevail on his rescission claim.
5     IT IS THEREFORE ORDERED that defendant's Motion to
6 Dismiss (Docket No. 3) be, and the same hereby is, GRANTED.
7 Claims one through seven are dismissed without prejudice to
8 renewal if plaintiff prevails on his rescission claim.[3]  The
9 evidentiary hearing is set for May 8, 2018, at 9:00 in Courtroom
10 No. 5.
11 Dated:   February 6, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[3] Defendant also argues that claims one, five, and six should be dismissed for failure to comply with the operative statute of limitations and the pleading requirements of Rule 8. However, the court will not address these arguments at this point and will instead consider them, if necessary, after the evidentiary hearing.